<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOHN J. ROSS,**  *Plaintiff*,  v.  **AXA EQUITABLE LIFE INSURANCE COMPANY et al.,**  *Defendants.* | Civil Action No. 16-1591  **OPINION** |

**THIS MATTER** comes before the Court on Defendants AXA Equitable Life Insurance Company ("AXA") and the Benefits Appeal Committee for the AXA Equitable Retirement Plan's ("Committee") (collectively, "Defendants") motion to dismiss Plaintiff John J. Ross' ("Plaintiff") Verified Complaint. Dkt. No. 9. For the reasons set forth below, the motion is **GRANTED** in part and **DENIED** in part.

**I. BACKGROUND**

This lawsuit arises from Plaintiff's claim that Defendants improperly denied benefits due to him under his ERISA plan.

**A. Plaintiff's Employment History**

Plaintiff is currently and has been continuously employed by AXA since June 1, 1978. Verified Compl. ¶ 8. Plaintiff was a sales agent from June 1, 1978 through December 31, 1979, id. ¶ 9, a manager from January 1, 1980 through April 30, 1997, id. ¶ 10, a sales agent from May 1, 1997 until September 2015, id. ¶ 11, and a member of the Senior Sales Force from September 2015 to the present, id. ¶ 12.

1

Prior to January 1, 1992, AXA maintained separate defined benefit pension plans entitled (i) the Retirement Plan for Agents, (ii) the Retirement Plan for Employees, and (iii) the Retirement Plan for Managers. Id. ¶ 13. Effective January 1, 1989, the Employees Plan and the Managers Plan were merged into The Equitable Retirement Plan for Employees and Managers. Id. ¶ 14. Effective January 1, 1992, the Employees and Managers Plan and the Agents Plan were merged into The Equitable Retirement Plan for Employees, Managers and Agents, now known as the AXA Equitable Retirement Plan (the "Plan"). Id. ¶ 15.

### B. The Grandfather Benefit

Among other things, the Plan provides a Grandfather Benefit for certain members. For Agents to receive Grandfather Benefits, they must meet the following criteria:

> (c) Agent Grandfather: This subsection shall apply to a Member:
>
> (1) Who is an active Member, retired Member or terminated vested Member of the Plan on December 31, 1992;
>
> (2) Who as of such date: (A) is at least age 50, (B) has completed at least 20 years of Vesting Service, or **(C) belongs to the Equitable Hall of Fame**;
>
> (3) Who is in Service as an Agent or Manager on December 31, 1992 (or is credited with Vesting Service as an Agent or Manager for December 1992); and
>
> (4) Who is a Member after 1992.

Pension Plan § 5.2(c) (emphasis added); Verified Compl. ¶ 21. The term "Equitable Hall of Fame" is not defined in the Plan, but is "generally understood to refer to a designation status based on a product of a financial professional's attained production (measured as production credits) over a number of years." Verified Compl. ¶ 22. It appears that as of December 31, 1992, Plaintiff was not 50 years old, did not have 20 years of vested service, and was not a member of the Equitable Hall of Fame ("Hall of Fame"). See Defs.' Br. at 4.

### C. Plaintiff's Appeals and Defendants' Mention of a Hardship Exception

On August 15, 2012, in response to an inquiry from Plaintiff, Defendants explained that while Plaintiff was eligible for Plan benefits and cash account benefits, he was not eligible for the Grandfather Benefit. Verified Compl. ¶ 24. On August 27, 2012, Plaintiff appealed Defendants' decision and requested that Defendants provide an exception to the Grandfather Benefit requirements. Id. ¶ 25. Specifically, Plaintiff asked that Defendants waive the requirement that he be a member of the Hall of Fame as of December 31, 1992, due to his years of service devoted to management duties, which had decreased his ability to earn personal production credits. Id.

On December 14, 2012, after requesting and receiving additional information from Plaintiff, Defendants denied Plaintiff's appeal based on the terms of the Plan, the records of the Plan administrator, and the documents provided by Plaintiff. Id. ¶ 28-30.

On September 2, 2014, Plaintiff made a document request for all documentation reflecting (i) Defendants' criteria for determining membership in the Hall of Fame, (ii) the manner in which nominations and admission to the Hall of Fame are made and recorded, and (iii) anything else related to the administration of the Hall of Fame. Id. ¶ 32. On October 22, 2014, Plaintiff further inquired about documents related to the Hall of Fame requirements and procedures. Id. ¶ 33.

On November 14, 2014, Defendants informed Plaintiff that his September and October 2014 letters would be treated as a revised claim for the Grandfather Benefit "based on his request that [Defendant] exercise its fiduciary discretion and deem him as having satisfied the requirements for Hall of Fame admission under Section 5.2(c) of the Plan as of December 31, 1992." Id. ¶ 34. On February 3, 2015, Defendants denied Plaintiff's revised claim. Id. ¶ 36. Defendants explained that Plaintiff did not meet the Hall of Fame requirements, which are based largely on production credits, until 1994. Id. ¶ 37. Defendants noted that Plaintiff had not appealed

the number of credits he had received in any given year, nor had he "submit[ted] a hardship exception to be considered by the appeals committee at the appropriate time." Id. ¶¶ 38-39.

On March 16, 2015, Plaintiff appealed Defendants' denial of his revised claim. Id. ¶ 41. Plaintiff explicitly stated that he was not contesting the conclusion that he had not met the Hall of Fame requirements prior to December 31, 1992. See Rygiel-Boyd Cert. Ex. H, at 1-2. Instead, he argued that he had never been made aware of the hardship exception appeal procedure referenced in the denial letter, and that had he been aware of it at the time, he could have utilized this procedure to appeal his failure to achieve sufficient production credits prior to the end of 1992. Verified Compl. ¶ 41-42.

On May 5, 2015, Plaintiff's appeal was denied. Id. ¶ 43. Defendants reaffirmed that Plaintiff, as he had conceded, did not meet the Hall of Fame requirements by December 31, 1992. Rygiel-Boyd Cert. Ex. I, at 3-4. Defendants also attached an April 13, 2015 internal email from Margaret Hall to Sheila Labita stating that "[t]o my knowledge, there has never been an appeals process per se around Hall of Fame standing." Verified Compl. ¶ 43. The email further indicated that the only hardship that might have been considered was disability. Id. ¶ 46.

In further correspondence, Defendants repeated that the exclusive basis available for a hardship exception in determining Hall of Fame status was disability. Id. ¶¶ 47-49. Yet Defendants also stated that Plaintiff had been considered for a hardship exception at the appeal stage of his claim, and that this consideration provided him with the same rights that he would have received by bring a hardship exception at an earlier time. Id. ¶¶ 51-52. Defendants also stated that they could not locate any further documentation regarding hardship procedures that were available before and at the time of Plaintiff's Hall of Fame designation. Id. ¶¶ 50, 53.

### D. Procedural History

On March 22, 2016, Plaintiff filed the instant lawsuit. The Verified Complaint asserts four causes of action: (1) denial of benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (2) breach of fiduciary duty pursuant to 29 U.S.C § 1104(a)(i); (3) violation of ERISA § 502(c), 29 U.S.C. 1132(c), for failure to provide relevant documents; and (4) for a declaration that Defendants' decision was arbitrary and capricious. Verified Compl. ¶¶ 54-73.

Defendants filed the instant motion to dismiss on May 25, 2016. Defendants argue that Counts 1, 2, and 4 are barred by the statute of limitations, and that Count 3 fails to state a claim upon which relief can be granted. See Defs.' Br. at 14-27.[1]

## II. LEGAL STANDARD

In considering a motion to dismiss, the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Id. at 231. However, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Therefore, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

---

[1] Defendants also initially argued that Count 1 failed to state a claim for interference with ERISA benefits. Defs.' Br. at 12-14. However, Defendants abandoned this argument after Plaintiff indicated that Count 1 is instead a denial of benefits claim under 29 U.S.C. § 1132(a)(1)(B). See Reply Br. at 5 n.2.

**III.   ANALYSIS**

    **A.  Statute of Limitations**

        i. Counts 1 and 4: Denial of Benefits[2]

Defendants argue that Plaintiff's denial of benefits claims must be dismissed because they are barred by the statute of limitations. The Court disagrees.

ERISA contains a statute of limitations for claims alleging a breach of fiduciary duty, but does not prescribe a limitations period for non-fiduciary claims. Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 520 n.2 (3d Cir. 2007). In non-fiduciary cases, the statute of limitations is borrowed from the state law claim most analogous to the ERISA claim. Id. Here, the parties appear to agree that Plaintiff's claim for denial of benefits is governed by New Jersey's six-year breach of contract statute of limitations. See Defs.' Br. at 24-25; Opp'n at 11.

Although state law determines the statute of limitations, the date of the claim's accrual is decided under federal common law. Miller, 475 F.3d at 520. In ERISA cases, a claim need not be formally denied in order to trigger the accrual of the statute of limitations. Romero v. Allstate Corp., 404 F.3d 212, 223 (3d Cir. 2005). Rather, the Third Circuit has applied the "clear repudiation" rule, whereby a non-fiduciary cause of action accrues upon a clear repudiation of benefits that was clear and made known to the beneficiary. See Miller, 475 F.3d at 520.

Defendants argue that Plaintiff's ERISA claims are untimely because his entitlement to the Grandfather Benefit was clearly repudiated, at the very latest, in 1994. Defendants explain that Plaintiff received the AXA Equitable Pension Plan Booklet on December 10, 1992, which provided that the Grandfather Benefit applied to a participant who was, as of December 31, 1992, "(A) at least age 50, (B) has completed at least 20 years of Vesting Service, or (C) belongs to the

---

[2] As Counts 1 and 4 both claim an improper denial of benefits, they will be addressed together.

Equitable Hall of Fame." Reply Br. at 1-2, 5-8. As Plaintiff was not 50 years old and had not completed at least 20 years of Vesting Service, he could only obtain the Grandfather Benefit by being a member of the Hall of Fame by at least December 31, 1992. Defendants argue that when Plaintiff was ultimately inducted into the Hall of Fame on December 31, 1994, he knew that he could not qualify for the Grandfather Benefit, and thus his claims accrued on that date. Id.

Without the benefit of discovery, it appears that the only notice Plaintiff received of the requirements to obtain Grandfather Benefits was receipt of the Plan and Summary Plan Description ("SPD"). Therefore, Defendants attempt to argue that Plaintiff received clear and unequivocal notice that he was not entitled to receive the Grandfather Benefit merely through receipt of the Plan and SPD. Defs.' Br. at 26-27. In this way, the instant case is distinguishable from other cases in this Circuit where courts have held that an ERISA claim begins to accrue when a beneficiary receives an erroneous calculation of a benefit award, see, e.g., Miller, 475 F.3d at 522; Martin v. Prudential Ins. Co. of Am., No. 12-6208, 2013 WL 3354431, at *6 (D.N.J. July 2, 2013), or where additional events supplement the language of the plan to provide sufficient notice to plaintiff to trigger the accrual of his or her ERISA claims, see, e.g., Dix v. Total Petrochemicals USA, Inc., No. 10-3196, 2012 WL 6005011, at *9–16 (D.N.J. Nov. 30, 2012), aff'd sub nom., Dix v. Total Petrochemicals USA, Inc., Pension Plan, 540 F. App'x 130 (3d Cir. 2013). In each of these cases, the plaintiff was deemed to have received a "clear repudiation" of his or her entitlement to benefits based on more than mere receipt of the plan documents.

The facts here are more analogous to Lightfoot v. Arkema, Inc. Ret. Benefits Plan, No. 12-773, 2013 WL 3283951, at *5 (D.N.J. June 27, 2013), where the Court considered whether "the language of the plan itself (possibly in conjunction with [an] SPD), without more, can constitute a clear repudiation of the [denied] benefit." The Court refused to hold that "ERISA claims accrue

7

when the plan is issued, based solely on the language contained in the plan documents or SPDs." Id. at *7. The Court noted that "[s]uch a ruling would require a plan participant to be a clairvoyant watchdog of the plan: to po[re] over the pension plan documents potentially years before contemplating retirement in order to identify problems with the plans that may be relevant to a future circumstance." Id.; see also Dix, 540 F. App'x at 134 ("'ERISA does not require plan participants and beneficiaries likely unfamiliar with the intricacies of pension plan formulas and the technical requirements of ERISA, to become watchdogs over potential plan errors and abuses.'") (quoting Miller, 475 F.3d at 522). The Court likewise declines to impose such a requirement here.[3]

Without evidence that Plaintiff received a "clear repudiation" of his entitlement to the Grandfather Benefit prior to Defendants' formal denial, his denial of benefits claims are not barred by the statute of limitations. Defendants' motion to dismiss is therefore denied.

ii. Count II: Breach of Fiduciary Duty

Defendants argue that Plaintiff's breach of fiduciary duty claim must be dismissed because it is barred by the statute of limitations. The Court disagrees.[4]

Under ERISA, the statute of limitations for a breach of fiduciary duty claim is the earlier of:

---

[3] The Court also notes that the Agent Grandfather Benefits provision is found on page fifty-four of the Plan, which spans more than one hundred pages, plus schedules and appendixes.

[4] In addition to its statute of limitations argument, Defendants also argue in a footnote that Plaintiff's fiduciary duty claim should be dismissed because it is duplicative of its benefits claim under § 502(a)(1)(B). See Defs.' Br. at 21 n. 9. However, dismissal on that basis is not appropriate at this early procedural stage. See, e.g., Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield, No. 15-8590, 2016 WL 4499551, at *10 (D.N.J. Aug. 25, 2016) (holding that dismissal of a duplicative fiduciary duty claim is premature at the motion to dismiss stage, and noting that a challenge to the duplication of claims may be renewed in summary judgment after full discovery); Beye v. Horizon Blue Cross Blue Shield of New Jersey, 568 F. Supp. 2d 556, 576 (D.N.J. 2008) (same).

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;

29 U.S.C. § 1113.  Therefore, analysis of the timeliness of a breach of fiduciary duty claim "first requires identification and definition of the underlying ERISA violation upon which the fiduciary breach claim is founded.  Two temporal determinations must then be made: the date of the last action which formed a part of the breach and the date of the plaintiff's actual knowledge of the breach."  Gluck v. Unisys Corp., 960 F.2d 1168, 1178 (3d Cir. 1992) (quotation omitted).

Although the Verified Complaint and Plaintiff's briefing are somewhat difficult to parse, the alleged breach of fiduciary duty appears to be that "[D]efendants denied [P]laintiff the Grandfather Benefit on the basis of unclear procedures and rules."  Opp'n at 4; see also Verified Compl. ¶ 58 (arguing that Defendants breached their "duty to Plaintiff under 29 U.S.C. § 1104(a)(i) to administer the Plan solely in the interest of participants and in accordance with the documents and instruments governing the Plan").  Specifically, Plaintiff alleges that Defendants denied his appeals, at least in part, because he did not timely "submit a hardship exception to the appeals committee at the appropriate time," even though he had never been notified of any such procedure.  Verified Compl. ¶¶ 39-40.

Defendants argue that Plaintiff had actual knowledge and that the last act of the alleged breach occurred when Plaintiff received notification of his Hall of Fame status on December 31, 1994.  Defs.' Br. at 24.  However, this is not the relevant benchmark because Plaintiff's breach of fiduciary duty claim stems from Defendants' reliance on unclear procedures and rules in his

9

appeal, not from their actions in the early 1990s.[5] Consequently, the date of the last action which constituted a part of the breach and the date of Plaintiff's actual knowledge was Defendants' denial of Plaintiff's appeal on May 5, 2015. For these reasons, Defendants' motion is denied.

### B. Failure to State a Claim under ERISA § 502(c)

Defendants argue that Plaintiff's claim under ERISA § 502(c) must be dismissed because it fails to state a claim. The Court agrees.

ERISA Section 502(c), 29 U.S.C. § 1132(c), provides, in relevant part:

> (1) Any administrator . . . (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

29 U.S.C. § 1132(c).

To state a claim for a violation of Section 502(c), a plaintiff must allege that "1) it made a request to a plan administrator, 2) who was required to provide the requested material, but 3) failed to do so within 30 days of the request." Spine Surgery Assocs. & Discovery Imaging, PC v. INDECS Corp., 50 F. Supp. 3d 647, 656 (D.N.J. 2014) (quotation omitted). As Section 502(c) only provides for sanctions where a plan administrator fails to provide documents "required by this subchapter," a plaintiff must identify a corresponding provision of Subchapter 1 of the ERISA statute to support his claim. See Galman v. Sysco Food Servs. of Metro N.Y. LLC, No. 16-1744, 2016 WL 7158009, at *1 (3d Cir. Dec. 8, 2016); Markert v. PNC Fin. Servs. Grp., Inc., 828 F. Supp. 2d 765, 781 (E.D. Pa. 2011). Here, Plaintiff states that Defendants were required to but

---

[5] If Plaintiff does intend to make such a claim, he should file an Amended Complaint to that effect.

10

failed to provide documents pursuant to 29 U.S.C. § 1133 ("ERISA § 503"); 29 C.F.R. § 2560.503-1(h)(2)(iii); and 29 C.F.R. § 2560.503-1(m)(8).  Verified Compl. ¶ 62.

However, an alleged violation of ERISA § 503 may not support a claim for sanctions under Section 502(c).  Groves v. Modified Ret. Plan for Hourly Paid Employees of Johns Manville Corp. & Subsidiaries, 803 F.2d 109, 111 (3d Cir. 1986) (holding that a "failure to perform the duties imposed by ERISA § 503 . . . do[es] not render a plan administrator liable to § 502(c) sanctions because [this section] impose[s] duties expressly and exclusively on 'the plan,' not upon the 'plan administrator'"); Syed v. Hercules Inc., 214 F.3d 155, 162 (3d Cir. 2000) (same).  Likewise, a beneficiary is not entitled to civil penalties for a Plan's failure to provide documents pursuant to the regulations implementing ERISA § 503.  See, e.g., Groves, 803 F.2d at 113 (holding that "sanctions may not be imposed on a plan administrator for his failure to fulfill obligations imposed only by regulations promulgated pursuant to ERISA"); Galman v. Sysco Food Servs. of Metro N.Y., LLC, No. 13-7800, 2016 WL 1047573, at *5, n.4 (D.N.J. Mar. 16, 2016), aff'd, No. 16-1744, 2016 WL 7158009 (3d Cir. Dec. 8, 2016) (same).  Plaintiff does not cite to any provisions of Subchapter 1 of ERISA that Defendants allegedly violated by failing to provide the requested documents.  Accordingly, Plaintiff's Section 502(c) claim is dismissed without prejudice.

## II. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.

**Dated: December 28, 2016**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**
